BERT et v ALLIANCE (city)

Ohio Appeals, 5th Dist, Stark Co

No 1631. Decided May, 1936

H. F. Ake, Canton, and K. L. Cobourn, Salem, for plaintiffs in error.

W. T. Martin, City Solicitor, Canton, for defendant in error.

## OPINION

By LEMERT, PJ.

This action was filed in the Court of Common Pleas of Stark County, Ohio, about September, 1932, and the petition therein had two causes of action.

The first cause of action sought damages in the amount of $5,000.00 for a nuisance claimed to have been created by the defendant, which is a city of more than five thousand inhabitants, which nuisance was claimed to have been created about the fall of 1929, and as claimed by plaintiffs in the court below, to have been a continuing and abatable nuisance, which had continued without abatement to the time of the filing of their petition, and the plaintiffs in the court below, in addition to the cause of action seeking damages because of their nuisance, by a second cause of action averred that they had reason to and did believe that the defendant would continue to injure plaintiffs in their personal and property rights, by continuing said nuisance, unless restrained from so doing, and that they would have no adequate remedy at law, and therefore sought an injunction against defendant, enjoining and restraining it from further injuring plaintiffs in their property and personal rights.

The petition in this case made complaint that the plaintiffs in error in this court suffered inconvenience and annoyance from odors arising from the sewage disposal plant operated by the City of Alliance. The home of the plaintiffs below was about a mile from the sewage treatment plant.

The record discloses that the Mahoning River, which has its origin in Columbiana County, and flows in a northwesterly direction near the Village of Sebring, flows on near to the City of Alliance, and that said river flows near to the home of plaintiffs below, about four miles below the City of Alliance. The testimony in the record shows that this river is and was a polluted stream, at least from the time it reached Sebring, Ohio, which flows its sewage into said river, and on down through the suburbs of the City of Alliance, but the plaintiffs claim that the river was contaminated from sludge of the sewage treatment plant and gave off odors as it passed their home. This was denied by the City of Alliance, so upon this issue the cause was tried and submitted to a jury, which rendered a verdict in favor of the defendant city.

The plaintiffs in error complain, first, that the verdict of the jury and judgment of the court in favor of the defendant was against the weight of the evidence. We have carefully examined the record in this case, and without going into at great length the testimony of the various witnesses, we are of the opinion that the plaintiffs failed to show that the stench and odor complained of came direct from the sewage treatment plant, or, in other words, the evidence failed to show that the pollution in the Mahoning River, running through plaintiff's farm, was caused by the treatment plant of the defendant. Therefore, there was a complete lack of proof as to causal connection between the operation of the plant of the defendant and the claimed interference with the comfortable use of the home of the plaintiffs.

The record discloses that there was a great mass of testimony to the effect that no sludge could be carried from the sewage treatment plant into Beach Creek or the Mahoning River, and that much of the odor of which the plaintiffs complained was caused by the river carrying pollution and living fish out on to the flat lands between the home of the plaintiffs and the river, where these fish would decay, which had no relation whatever to the treatment plant of the defendant.

The record discloses that many people who were about the home of plaintiffs below did not notice any discomfort or odors; that many people traveled the highway by this home and were not annoyed by any smells. There was a sharp dispute in the evidence as to whether there was any smell or odor, and if so, the source of the same was a question addressed to the jury. We are of the opinion that the jury was fully warranted in finding as they did, under the testimony in this case, and that the evidence failed to show that there was any substantial injury or damage done to the plaintiffs below, for which they were entitled to recover.

As a second ground of error, the plaintiffs in error complained that there was error in the charge of the court, but no specific error is pointed out, except that complaint is made concerning the second request to charge submitted by the defendant, which the court gave, and which is as follows:

"The plaintiffs cannot recover damages in this case, unless you find from the evi-

dence and by a preponderance thereof, that they have suffered substantial injury to the use of their premises, as a result of the operation of the sewage treatment plant of the defendant, between June, 1929 and September 21st, 1932."

We are of the opinion that this is and was a correct statement of the law and is consistent with the special finding by the jury in answer to Interrogatory No. 1, which is as follows:

"Did there arise from the operation of the sewage treatment plant of the defendant, between June, 1929 and September 21st, 1932, gases and odors, or contamination of the Mahoning River, or both, which injuriously effected in a substantial manner the use of the premises of the plaintiffs, so as to cause a diminution of the usable value of such premises for such period of time?"

The jury answered this interrogatory in the negative. Because of this finding of fact by the jury, the complaints about the charge of the court become immaterial, for the reason that they are not prejudicial, in view of this finding by the jury.

With reference to the complaint made about the introduction of testimony, we find no error therein. We have no quarrel with counsel for plaintiffs in error with the law of the cases cited in their brief, but it must be borne in mind that it requires testimony and evidence which brings a case within the rule of these cases to entitle the plaintiffs to recover, all of which was lacking in the record in the instant case. We are of the opinion that the jury was fully warranted in rendering the verdict which it did, and that there is no prejudicial error in this record.

It therefore follows that the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

MONTGOMERY and SHERICK, JJ, concur.